# EXHIBIT A



**CORPORATION SERVICE COMPANY**

RXT / ALL
Transmittal Number: 16070760
Date Processed: 01/05/2017

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | David Kaufman<br>Thompson Coburn LLP<br>55 East Monroe Street<br>Floor 37th<br>Chicago, IL 60603 |
| **Electronic copy provided to:** | Kylie Anderson |
| **Entity:** | Roti Restaurants, LLC<br>Entity ID Number 2482989 |
| **Entity Served:** | Roti Restaurants, LLC |
| **Title of Action:** | Cooper Lindner vs. Roti Restaurants, LLC, d/b/a Roti Modern Mediterranean and d/b/a Roti Mediterranean Grill |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Cook County Circuit Court, Illinois |
| **Case/Reference No:** | 2016CH16281 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 01/04/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Karl Leinberger<br>312-726-4162 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | (2/28/11) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT,     CHANCERY     DIVISION

No. 2016 CH 16281

Roti Restaurants, LLC c/o Illinois Corporation Service C

801 Adlai Stevenson Drive

Springfield, IL 62703

Cooper Lindner and Kim Smith

**(Name all parties)**

v.

Roti Restaurants, LLC, d/b/a Roti Modern Mediterranean and d/b/a Roti Mediterranean Grill

## ◉ SUMMONS   ◯ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

◉   Richard J. Daley Center, 50 W. Washington, Room    802   , Chicago, Illinois 60602

◯   District 2 - Skokie       ◯   District 3 - Rolling Meadows       ◯   District 4 - Maywood
      5600 Old Orchard Rd.          2121 Euclid                       1500 Maybrook Ave.
      Skokie, IL 60077            Rolling Meadows, IL 60008         Maywood, IL 60153

◯   District 5 - Bridgeview      ◯   District 6 - Markham            ◯   Child Support
      10220 S. 76th Ave.           16501 S. Kedzie Pkwy.          28 North Clark St., Room 200
      Bridgeview, IL 60455        Markham, IL 60428            Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 42557

Name: Karl Leinberger (Markoff Leinberger LLC)

Atty. for: Plaintiff

Address: 134 N. LaSalle Street, Suite 1050

City/State/Zip: Chicago, IL 60602

Telephone: 312.726.4162

WITNESS, DOROTHY BROWN   JAN 03 2017

Clerk of Court

Date of service: _____ , ____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____

                         (Area Code)    (Facsimile Telephone Number)

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS,
COUNTY DEPARTMENT, CHANCERY DIVISION

COOPER LINDNER and KIM SMITH,                )
individually and on behalf of all others similarly )
situated,                                       )
                                                )           2016CH16281
                     Plaintiffs,                )           CALENDAR/ROOM 16
                                                )  Case No.  TIME 00:00
         v.                                     )           Class Action
                                                )
ROTI RESTAURANTS, LLC, d/b/a Roti Modern        )
Mediterranean and d/b/a Roti Mediterranean Grill, )
a Delaware limited liability company,           )
                                                )           CLASS ACTION
                     Defendant.                 )           JURY DEMANDED

## CLASS ACTION COMPLAINT

Plaintiffs Cooper Lindner ("Cooper") and Kim Smith ("Kim") (Cooper and Kim collectively, "Plaintiffs"), by their attorneys, Markoff Leinberger LLC, state as follows for their Class Action Complaint against Defendant Roti Restaurants, LLC d/b/a Roti Modern Mediterranean and d/b/a Roti Mediterranean Grill ("Defendant").

1.     This is a consumer class action based upon Defendant's violations of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq., as amended* (the "FCRA"). Specifically, this action is based on Section 1681c(g) of the FCRA. This section of the FCRA, like many others, was designed to combat the rampant increase of identity theft and credit card fraud throughout the nation in recent years. Under the FCRA, companies that accept credit and debit cards are required to restrict the information they print on sales receipts. Such a practice, if followed, reduces an identity thief's ability to obtain valuable account information relating to a consumer. Despite the simple steps necessary to comply, and despite abundant notice, Defendant simply chose to ignore compliance with the FCRA. As such, consumers who purchase food and beverages from Defendant receive none of

1

the benefits that Section 1681c(g) was designed to confer, and are uniformly burdened with an elevated risk of identity theft.

*Parties*

2. Plaintiff Cooper is a citizen of the State of Illinois and resides in McHenry County.

3. Plaintiff Kim is a citizen of the State of Illinois and resides in Lake County.

4. Defendant is a Delaware limited liability company with its principal place of business in Chicago, Cook County, Illinois.

5. At all relevant times, Defendant was a "person who accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.

*Jurisdiction and Venue*

6. Jurisdiction is proper for Roti under 735 ILCS § 5/2-209(a)(1) and (2) and 209(b)(4) because it transacts business within Illinois and committed a tortious act within Illinois.

7. Venue is proper in Cook County under 735 ILCS § 5/2-101(1) because Roti is a resident of Cook County because it is doing business in Cook County, and also under § 5/2-101(2) because part of the cause of action herein arose out of a transaction in Cook County.

*Statutory Framework*

8. In 2003, FACTA was enacted to bolster protections for consumers from identity theft. FACTA has required truncation of card numbers on transaction receipts for approximately 13 years.

9. FACTA, 15 U.S.C. § 1681c(g) provides as follows:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

10. § 1681c(g) applies to any "device that electronically prints receipts" ("Devices")

2

for point of sale transactions.

11. Devices first put into use after January 1, 2005 must have been immediately compliant with 15 U.S.C. § 1681c(g).

12. Devices first put into use prior to January 1, 2005 must have complied with 15 U.S.C. § 1681c(g) by December 4, 2006.

13. FACTA gave merchants who accept credit or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.

### Class Allegations

14. Plaintiffs bring this lawsuit pursuant to 735 ILCS 5/2-801.

15. Plaintiffs bring this lawsuit on behalf of themselves and a proposed class of consumers, defined as follows:

All persons in the United States to whom Roti Restaurants, LLC d/b/a Roti Modern Mediterranean and d/b/a Roti Mediterranean Grill provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring on or after July 28, 2014, on which receipt was printed more than the last five (5) digits of the person's credit or debit card number.

16. The Class is so numerous that joinder of all individual members in one action would be impracticable. Plaintiffs do not know the exact number of members of the Class because that is information under the exclusive control of Defendants, but on information and belief, there are more than 100 persons to whom Defendant provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after July 28, 2014, which receipt displayed more

3

than the last five digits of the person's credit or debit card number.

17.     Plaintiffs' claims are typical of the claims of the Class members. All claims are based on the same legal theories and arise from the same unlawful and willful conduct. The claims are based on a common course of conduct by Defendant that was generally applicable to Class members. All Class members incurred the same type of harm.

18.     There are common questions of law and fact affecting members of the Class, which common questions predominate over questions that may affect individual members. These common questions include, but are not limited to:

      a.     Whether Defendant had a practice of providing consumers with electronically printed receipts on which Defendant printed more than the last five digits of consumers' credit or debit card numbers; and

      b.     Whether Defendant thereby willfully violated FACTA.

19.     Plaintiffs will fairly and adequately represent the Class members. Plaintiffs have no interests that conflict with the interests of Class members. Plaintiffs have retained counsel experienced in handling consumer class actions. Neither Plaintiffs nor their counsel has any interests that might cause them not to pursue this claim vigorously.

20.     This action should be maintained as a class action because the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual members that would establish incompatible standards of conduct for the parties opposing the Class.

21.     Whether Defendant failed to comply with 15 U.S.C. § 1681c(g) can be easily determined by a review of its policies and a ministerial inspection of its business records.

22.     A class action is a superior method for the fair and efficient adjudication of this

controversy. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. Moreover, the identities of the Class members may be obtained from Defendant's records, rendering identification of the class something capable of ministerial review.

23.     Without a class action, members of the Class would find that litigating their individual claims would be cost-prohibitive, and as a result, they ultimately would not receive a remedy.

24.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The claims of Plaintiffs and the Class are identical, as they are all based on Defendant's common course of conduct towards consumers, namely failing to truncate credit and debit card numbers on transaction receipts.

25.     The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation because it conserves the resources of the courts and the litigants.

## COUNT I
*Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681c(g)*

26.     As Paragraph 26, Plaintiffs incorporate paragraphs 1 through 25 as though fully stated herein.

27.     Defendant is a sophisticated merchant. It has 12 locations in Illinois and 12 locations elsewhere in the United States. It has been in business since at least 2009.

28.     Given its size and sophistication, Defendant has the capability of complying with laws governing its operations.

29.     On information and belief, most of Defendant's peers have been in compliance with

FACTA's truncation requirements over the last 10 years.

30.    On information and belief, Defendant accepts credit (*e.g.*, Visa, MasterCard and American Express) and debit cards at all of its locations.

31.    On information and belief, there are web sites that advise merchants of FACTA's truncation requirements.

32.    Identity theft and credit and debit card fraud have reached epidemic levels in the United States.

33.    FACTA was enacted to combat identity theft and credit and debit card fraud.

34.    Additionally, the Illinois Consumer Fraud and Deceptive Business Practices Act ("CFA") has provided since 2005 that:

> …no provider may print or otherwise produce or reproduce or permit the printing or other production or reproduction of the following: (i) any part of the credit card or debit card account number, other than the last 4 digits or other characters, (ii) the credit card or debit card expiration date on any receipt provided or made available to the cardholder.

815 ILCS 505/2NN.  This statute also was enacted to combat identity theft and credit card fraud.

35.    On July 26, 2016, Cooper made a purchase at Defendant's store at 200 West Randolph Street, Chicago, IL 60606.  To pay for the purchase, Cooper used his Visa card. Following the transaction, Cooper received from Defendant an electronically-printed receipt that displayed the first six numbers and last four numbers of Cooper's Visa card.

36.    On July 28, 2016, Kim made a purchase at Defendant's store at 1240 E. Route 45, Vernon Hills, IL 60061.  To pay for the purchase, Kim used her Visa card.  Following the transaction, Kim received from Defendant an electronically-printed receipt that displayed the first

six numbers and last four numbers of Kim's Visa card.

37.    At all relevant times, Defendant used Devices for point of sale transactions.

38.    As of July 28, 2014, Defendant was aware, or should have been aware, that it was prohibited from providing to consumers sales receipts that displayed more than the last five digits of consumers' credit or debit card numbers.

39.    Prior to July 28, 2014, VISA, MasterCard and other card associations, acquirers and issuers advised merchants, including Defendant, in writing of the need to truncate card numbers on electronically printed receipts in order to comply with FACTA. On information and belief, prior to July 28, 2014, Defendant was aware of FACTA's truncation requirement.

40.    On information and belief, prior to July 28, 2014, Defendant received from Mastercard a copy of *Mastercard Rules* booklet dated April 2012.

41.    Mastercard's *Mastercard Rules* states, in relevant part: "If the TID [receipt] is produced by a POS Terminal, the Card account number must be truncated and the Card expiration date must be omitted, in accordance with section 3.11.4 of the *Security Rules and Procedures* manual." p. 8-11 (emphasis in the original).

42.    On information and belief, prior to July 28, 2014, Defendant received from American Express a copy of *American Express Merchant Regulations – U.S.* booklet dated October 2012.

43.    American Express' *American Express Merchant Regulations* states, in relevant part: "Pursuant to Applicable Law, truncate the Card Number … on copies of Credit Records delivered to the Cardmember." p. 39.

44.    Prior to July 28, 2014, VISA, MasterCard and other card associations, acquirers and issuers contractually required merchants, including Defendant, accepting those cards to

7

truncate card numbers on electronically printed receipts in order to comply with FACTA. On information and belief, Defendant is contractually obligated with multiple card associations, acquirers and issuers to truncate card numbers on transaction receipts.

45.     By virtue of the foregoing advisements and contractual requirements, Defendant had actual knowledge of FACTA's truncation requirements.

46.     By virtue of the foregoing advisements and contractual requirements, Defendant was in willful noncompliance with FACTA's truncation requirements.

47.     On or after July 28, 2014, Defendant provided Plaintiffs and Class members receipts that failed to comply with 15 U.S.C. § 1681c(g).

48.     At all times pertinent hereto, Defendant acted by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant.

49.     Notwithstanding that (1) Defendant had many years to comply with FACTA, (2) Defendant was contractually required to comply with the truncation requirements even before the FACTA compliance deadlines, (3) Defendant was aware of the truncation requirements and (4) Illinois required truncation of card receipts by January 1 2005, Defendant provided consumers with credit and debit card receipts that failed to comply with 15 U.S.C. § 1681c(g).

50.     The content on Defendant's transaction receipts must be programmed. Programming requires deliberate conduct.

51.     Defendant willfully violated the FACTA.

52.     Defendant printed 10 of the 16 digits of Plaintiffs' respective credit card numbers on their respective transaction receipts.

53.     Due to Defendant's conduct in failing to truncate card numbers, Plaintiffs have been

exposed to an increased risk of credit card fraud and identity theft.

54.     Due to Defendant's conduct in printing 10 of 16 digits of Plaintiffs' respective credit card numbers, Roti increased the odds that identity thieves can engage in phishing by using the unredacted credit card numbers to get a consumer to give-up sensitive personal and financial data.  Identity thieves can successfully steal a consumer's identity if they can convince the consumer that they are the consumer's bank or credit card company.  Thieves have a significantly better chance of stealing the remaining digits if they can use the known 10 digits to persuade the consumer to provide sensitive financial and personal information.

55.     Identity thieves also have significantly better odds of guessing only six digits than 11 digits.  If Defendant complied with FACTA, an identity thief must guess 11 digits.

56.     The number of digit combinations when FACTA is followed, and only the last five digits are printed, is 10 billion.  The number of digit combinations when Roti prints 10 of the 16 digits is only 100,000.  On information and belief, modern computing power makes it comparatively much easier for identity thieves to obtain the missing digits.

57.     As a result of Defendant's willful violations of the FCRA, it is liable to Plaintiffs and Class members pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiffs, individually and on behalf of the putative Class, requests that this Court enter judgment in their favor and against Roti Restaurants, LLC and grant the following relief:

A.      Certification of a class as defined herein;

B.      Statutory damages pursuant to 15 U.S.C. § 1681n;

C.      Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §

9

1681n;

D.    Punitive damages;

E.    An injunction barring Defendant from printing more than the last five digits

of consumers' credit and debit card numbers; and

F.    Such further relief as this Court deems just and proper.

**Plaintiffs Demand a Trial By Jury**

COOPER LINDNER, and KIM SMITH,
Plaintiffs,

Dated: December 16, 2016    By:

One of Plaintiffs' Attorneys

Karl G. Leinberger (IL Atty. No. 6237537; Cook Cty. No. 42557)
Paul Markoff
Markoff Leinberger LLC
134 N. LaSalle St., Ste. 1050
Chicago, IL 60602
312.726.4162 (p)
312.674.7272 (f)
karl@markleinlaw.com

10

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| COOPER LINDNER and KIM SMITH, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 16 CH 16281 |
| v. | ) ) | |
| ROTI RESTAURANTS, LLC, d/b/a Roti Modern Mediterranean and d/b/a Roti Mediterranean Grill, a Delaware limited liability company, | ) ) ) ) | Judge David B. Atkins |
| Defendant. | ) ) ) | CLASS ACTION JURY DEMANDED |

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs Cooper Lindner and Kim Smith (collectively, "Plaintiffs"), by their attorneys, Markoff Leinberger LLC, pursuant to 735 ILCS 5/2-801, move this Court to certify this case as a class action. In support of this Motion, Plaintiffs state as follows:

1.    Plaintiffs' claims are based on uniform conduct by Roti Restaurants, LLC d/b/a Roti Modern Mediterranean and d/b/a Roti Mediterranean Grill ("Defendant") in failing to comply with the credit and debit card truncation requirements set forth in § 1681c(g) of the Fair Credit Reporting Act ("FCRA"). *See* 15 U.S.C. § 1681 *et seq.*

2.    Because the FCRA claims at issue arise from Defendant's uniform and standardized practice of providing sales receipts on which Defendant printed more than the last five (5) digits of consumers' credit and debit card numbers, a class action is ideal. In fact, identical cases have already been certified for class treatment by courts.[1]

---

[1] *See e.g., Armes v. Sogro, Inc.*, no. 2:08-cv-22, 2011 WL 1197537 (E.D. Wisc. Mar. 29, 2011); *Rogers v. Khatra Petro, Inc.*, no. 2:08-cv-204, 2010 WL 3894100 (N.D. Ind. Sept. 29, 2010); *Miller-Huggins v. Mario's Butcher Shop, Inc.*, No. 09-C3774, 2010 WL 658863 (N.D. Ill. Feb. 22, 2010); *Shurland v. Bacci Café & Pizzeria On Ogden, Inc.*, 259 F.R.D. 151 (N.D. Ill. 2009); *Armes v. Shanta Enterprise, Inc.*, No. 07-C5766, 2009 WL 2020781 (N.D. Ill. July 8, 2009); *Beringer v. Standard Parking Corp.*, Nos. 07-C5027

3.    As detailed in Plaintiff's accompanying brief, the requirements to proceed as a class action pursuant to 735 ILCS 5/2-801 are satisfied.

WHEREFORE, Plaintiffs Cooper Lindner and Kim Smith respectfully request that this Court enter an order certifying the following class:

All persons in the United States to whom Roti Restaurants, LLC d/b/a Roti Modern Mediterranean and d/b/a Roti Mediterranean Grill provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring on or after July 28, 2014, on which receipt was printed more than the last five (5) digits of the person's credit or debit card number.

Respectfully submitted,
COOPER LINDNER, Plaintiff,

Dated: December 16, 2016          By:    _____
                                          One of Plaintiff's Attorneys

Karl G. Leinberger (IL Atty. No. 6237537; Cook Cty. No. 42557)
Paul Markoff
Markoff Leinberger LLC
134 N. LaSalle St., Ste. 1050
Chicago, IL 60602
312.726.4162 (p)
312.674.7272 (f)

---

and 07-C5119, 2008 WL 4390626 (N.D. Ill. Sept. 24, 2008); *Cicilline v. Jewel Food Stores, Inc.*, 542 F. Supp. 2d 831 (N.D. Ill. 2008); *Harris v. Best Buy Co., Inc., et al.*, No. 07-C2559, 2008 WL 4378476 (N.D. Ill. Mar. 20, 2008); *Redmon v. Uncle Julio's of Illinois, Inc.*, 249 F.R.D. 290 (N.D. Ill. 2008); *Matthews v. United Retail, Inc.*, 248 F.R.D. 210 (N.D. Ill. 2008); *Meehan v. Buffalo Wild Wings, Inc.*, 249 F.R.D. 284 (N.D. Ill. 2008); *Harris v. Circuit City Stores, Inc.*, No. 07-C2512, 2008 WL 400862 (N.D. Ill. Feb. 7, 2008); *Troy v. Red Lantern Inn, Inc.*, No. 07-C2418, 2007 WL 4293014 (N.D. Ill. Dec. 4, 2007); *Halperin v. Interpark, Inc.*, No. 07-C2161, 2007 WL 4219419 (Nov. 29, 2007).

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS,
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| COOPER LINDNER and KIM SMITH,<br>individually and on behalf of all others similarly<br>situated, | ) <br> ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | Case No. 16 CH 16281 |
| v. | ) <br> ) <br> ) | |
| ROTI RESTAURANTS, LLC, d/b/a Roti Modern<br>Mediterranean and d/b/a Roti Mediterranean Grill,<br>a Delaware limited liability company, | ) <br> ) <br> ) <br> ) | Judge David B. Atkins |
| Defendant. | ) <br> ) | CLASS ACTION<br>JURY DEMANDED |

### PLAINTIFF'S BRIEF IN SUPPORT OF
### THEIR MOTION FOR CLASS CERTIFICATION

Plaintiffs Cooper Lindner and Kim Smith (collectively, "Plaintiffs"), by their attorneys,
Markoff Leinberger LLC, state the following in support of *Plaintiffs' Motion For Class
Certification.*

### INTRODUCTION

Defendant Roti Restaurants, LLC d/b/a Roti Modern Mediterranean and d/b/a Roti
Mediterranean Grill ("Defendant") operates 12 restaurants in the Chicago area and another 12
restaurants elsewhere in the United States. In violation of a statute aimed at combatting identity
theft and credit card fraud, Defendant printed 10 of 16 digits of Plaintiffs' respective credit card
numbers on transaction receipts for meals at two of Defendants' locations.

In so doing, Plaintiffs contend that Defendant violated the credit and debit card truncation
requirements set forth the Fair and Accurate Credit Transactions Act ("FACTA") amendment to
Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, *as amended* (the "FCRA"). Specifically, this
action is based on Section 1681c(g) of the FCRA, which states in relevant part:

1

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

15 U.S.C. § 1681c(g). Hence, Defendant was prohibited from printing more than the last five digits of credit and debit card numbers on transaction receipts at its restaurants. Defendant's conduct was uniform and standard as it applied to all consumers generally, including the proposed class here.

This court should certify this case as a class action, because (1) on information and belief, at least hundreds, and likely thousands, of consumers received transaction receipts from Defendant that violated their financial privacy rights; (2) Defendant acted in a uniform and standardized manner as to each consumer who used a credit or debit card; (3) Plaintiffs will adequately protect the interest of the Class because they share with them the identical interest of enforcing their financial privacy rights and right to be free from identity theft and credit and debit card fraud; and (4) class treatment is particularly appropriate because it is a limited issue case. Therefore, Plaintiffs request that this Court certify the following Class:

> All persons in the United States to whom Roti Restaurants, LLC d/b/a Roti Modern Mediterranean and d/b/a Roti Mediterranean Grill provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring on or after July 28, 2014, on which receipt was printed more than the last five (5) digits of the person's credit or debit card number.

## LEGAL STANDARD

A case should be certified as a class action if the court finds (1) the class is so numerous that joinder of all members is impractical, (2) there are questions of fact or law common to the

class and those common questions predominate over any questions affecting only individual members, (3) the representative parties will fairly and adequately protect the interest of the class and (4) the class action is an appropriate method for the fair and efficient adjudication of the controversy. 735 ILCS 5/2-801; *see also Smith v. Illinois Cent. R.R. Co.*, 223 Ill. 2d 441, 447, 860 N.E.2d 332, 336 (2006). "The party seeking certification bears the burden of establishing all four prerequisites of section 2-801. In assessing whether class certification should be granted, the allegations of the complaint are taken as true. *S37 Management, Inc. v. Advance Refrigeration Co.*, 2011 IL App (1st) 102496, ¶15, 961 N.E.2d 6, 11 (1st Dist. 2011) (internal citations omitted). "The decision to certify a class lies within the trial court's discretion. In exercising its discretion, the trial court 'should err in favor of maintaining class [certification].' " *Id.* (*quoting Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53, 880 N.E.2d 653, 656 (1st Dist. 2007).

<u>LEGAL DISCUSSION</u>

I. <u>Plaintiffs Meet The Numerosity Requirement.</u>

Although Section 2-801 does not set a minimum number of class members to establish numerosity, the 40+ class members here meets the standard. Because Section 2-801 is patterned after Fed. R. Civ. P. 23, interpretations of Rule 23 are persuasive in determining whether the requirements of Section 2-801 are met. *Smith*, 223 Ill. 2d at 447-48. Although Rule 23 also fails to set a bright line minimum number of class members necessary to establish numerosity, putative classes of at least 40 people satisfy numerosity and putative classes with fewer than 25 people probably do not satisfy numerosity. *Wood River Area Development Corp. v. Germania Fed. Sav. and Loan Ass'n*, 198 Ill. App. 3d 445, 450, 555 N.E.2d 1150, 1153 (1990) (*quoting* Miller, *An Overview of Federal Class Actions: Past, Present, and Future*, Federal Judicial Center, at 22

3

(1977); see also, *Cruz v. Unilock Chicago*, 383 Ill. App. 3d 752, 771, 892 N.E.2d 78, 97 (2d Dist. 2008) (finding that approximate class size of 200 satisfies numerosity).

Here, we do not yet know the exact class size. Defendant is in exclusive possession of that information and discovery has not yet occurred. Defendant, however, regularly advertises for its restaurants and been expanding the number of its restaurant locations. Additionally, Defendant sells food and beverages to at least hundreds of people *each* day at *each* of its locations; and many (if not most) people in this day and age pay with credit or debit cards (as opposed to using cash). It is reasonable to estimate that the Class has more than 40 putative members, particularly in light of the length of the relevant time period. *See e.g., Redmon v. Uncle Julio's of Illinois, Inc.*, 249 F.R.D. 290, 294 (N.D. Ill. 2008) (courts rely on common sense to determine whether an estimate of class size is reasonable and meets the numerosity requirement). Accordingly, common sense dictates that the putative classes include at least 40 members and, thus, satisfies the numerosity requirement.

II.    **Plaintiffs Satisfy The Commonality Requirement.**

To satisfy the requirement that common questions of fact or law predominate over questions affecting only individual class members, a plaintiff must show that the successful adjudication of the plaintiff's individual claims will establish a right of recovery in favor of the other class members. *Ramirez*, 378 Ill. App. 3d at 54. The *Ramirez* court stated:

> As long as there are questions of fact or law common to the class and these predominate over questions affecting only individual members of such class, the statutory requisite is met. Determining whether issues common to the class predominate over individual issues requires the court to identify the substantive issues that will control the outcome, assess which issues will predominate, and then determine whether these issues are common to the class. Such an inquiry requires the court to look beyond the pleadings to understand the claims, defenses, relevant facts, and applicable substantive law.

*Id.* at 54-55 (internal citations omitted). Predominance is established if a judgment in favor of the class members decisively settles the entire controversy. *Id.*

"Where liability is premised on a common practice uniformly applied...it is proper for the trial court to find the plaintiff's claims present questions of fact and law, common to the class, that predominate over questions affecting only individual members of the class." *S37 Mgmt.*, 2011 IL App (1st) 102496 at ¶32; *see also P.J.'s Concrete Pumping Serv., Inc. v. Nextel West Corp.*, 345 Ill. App. 3d 992, 1003, 803 N.E.2d 1020, 1030 (2d Dist. 2004) (finding that "[t]he primary factual issue in this case is a uniform billing practice that allegedly violated the Consumer Fraud Act in the same manner as to all class members. The propriety of such a uniform practice is amenable to being resolved in a class action."); *Haywood v. Superior Bank FSB*, 244 Ill. App. 3d 326, 329-330, 332, 614 N.E.2d 461, 464-465 (1st Dist. 1993) (finding predominance of common questions in case in which the questions were whether defendants had a uniform practice of not paying annual interest on security deposits pursuant to the RLTO and whether, because of that uniform practice, the defendants were liable under the RLTO).

Here, Plaintiffs allege that Defendant uniformly, and in standardized fashion, printed 10 of 16 credit or debit card digits on all transaction receipts where the consumer paid with a credit or debit card. This conduct was aimed generally at all consumers who used credit or debit cards. Additionally, Plaintiffs advance a single claim identical to the single claim possessed by absent Class members, namely whether Defendant's uniform practices constitute violation of FACTA. Plaintiffs and each Class member is entitled to statutory damages, which makes the damage issue the same for all members of the Class.

Commons questions include whether Defendant had a practice of providing consumers with electronically printed receipts on which Defendant printed more than the last five digits of

consumers' credit or debit card numbers and whether Defendant thereby willfully violated FACTA. These issues predominate over individual questions (of which there are none), because Defendant printed receipts in a standardized manner. Moreover, a judgment in favor of Plaintiffs on these issues will entitle all Class members to recover and will resolve the entire controversy in a single litigation. As such, there are questions of fact and law common to the Class that predominate over any questions affecting only individual members.

III.     Plaintiffs Will Fairly And Adequately Protect The Interests Of The Class.

The *Ramirez* court stated: "The purpose of the adequate representation requirement is to ensure that all class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim. The test to determine the adequacy of representation is whether the interests of those who are parties are the same as those who are not joined." 378 Ill. App. 3d at 56 (internal citations omitted).

Here, Plaintiffs' interests are identical to those of absent Class members, namely enforcing their rights against Defendant for printing more than the statutorily-allowed digits of their credit or debit card numbers on sales receipts. Accordingly, Plaintiffs will fairly and adequately protect the interest of the Class.

IV.     A Class Action Is An Appropriate Method For The Fair And Efficient Adjudication Of This Case.

The *Ramirez* court stated, in deciding whether a class action is appropriate, "a court considers whether a class action can best secure economies of time, effort, and expense or accomplish the other ends of equity and justice that class actions seek to obtain. Where the first three requirements for class certification have been satisfied, the fourth requirement may be considered fulfilled as well." 378 Ill. App. 3d at 56 (internal citations omitted).

Here, class treatment is undoubtedly appropriate, because the case will be decided on Defendant's uniform and standardized conduct, thus allowing the court to decide the rights of likely thousands of people in a single litigation by assessing a few issues. Furthermore, because the damages at issue are individually not large, it is unlikely that any Class member could successfully convince a lawyer to represent him/her in an individual suit. In deciding a case in which it found that the range of available damages of $100-$1000 per class member was too small to justify individual actions, the Seventh Circuit held that:

> Rule 23(b)(3) was designed for situations such as this, in which the potential recovery is too slight to support individual suits, but injury is substantial in the aggregate . . . [S]ociety may gain from the deterrent effect of financial awards. The practical alternative to class litigation is punitive damages, not a fusillade of small-stake claims.

*Murray v. GMAC Mort. Corp.*, 434 F.3d 948, 953 (7th Cir. 2006). "Because these are small stakes cases, a class suit is the best, and perhaps the only way to proceed." *Crawford v. Equifax Payment Servs.*, 201 F.3d 877, 880 (7th Cir. 2000) (*citing Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997)). Because Section 2-801 was patterned after Rule 23, the Seventh Circuit's decisions interpreting Rule 23 are persuasive authority regarding the question of class certification in Illinois. *Smith*, 223 Ill. 2d at 448. In nearly identical cases, District Courts in the Seventh Circuit have certified classes.[1] In line with the Seventh Circuit's reasoning, this Court should find

---

[1] *See e.g.*, *Armes v. Sogro, Inc.*, no. 2:08-cv-22, 2011 WL 1197537 (E.D. Wisc. Mar. 29, 2011); *Rogers v. Khatra Petro, Inc.*, no. 2:08-cv-204, 2010 WL 3894100 (N.D. Ind. Sept. 29, 2010); *Miller-Huggins v. Mario's Butcher Shop, Inc.*, No. 09-C3774, 2010 WL 658863 (N.D. Ill. Feb. 22, 2010); *Shurland v. Bacci Café & Pizzeria On Ogden, Inc.*, 259 F.R.D. 151 (N.D. Ill. 2009); *Armes v. Shanta Enterprise, Inc.*, No. 07-C5766, 2009 WL 2020781 (N.D. Ill. July 8, 2009); *Beringer v. Standard Parking Corp.*, Nos. 07-C5027 and 07-C5119, 2008 WL 4390626 (N.D. Ill. Sept. 24, 2008); *Cicilline v. Jewel Food Stores, Inc.*, 542 F. Supp. 2d 831 (N.D. Ill. 2008); *Harris v. Best Buy Co., Inc., et al.*, No. 07-C2559, 2008 WL 4378476 (N.D. Ill. Mar. 20, 2008); *Redmon v. Uncle Julio's of Illinois, Inc.*, 249 F.R.D. 290 (N.D. Ill. 2008); *Matthews v. United Retail, Inc.*, 248 F.R.D. 210 (N.D. Ill. 2008); *Meehan v. Buffalo Wild Wings, Inc.*, 249 F.R.D. 284 (N.D. Ill. 2008); *Harris v. Circuit City Stores, Inc.*, No. 07-C2512, 2008 WL 400862 (N.D. Ill. Feb. 7, 2008); *Troy v. Red Lantern Inn, Inc.*, No. 07-C2418, 2007 WL 4293014 (N.D. Ill. Dec. 4, 2007); *Halperin v. Interpark, Inc.*, No. 07-C2161, 2007 WL 4219419 (Nov. 29, 2007).

class treatment appropriate, because the individual damages available are not large enough to justify individual suits, while damages in the aggregate may be substantial and both liability and damages can be decided relatively easily. *See, e.g.*, *S37 Mgmt.*, 2011 IL App (1st) 102496 at ¶25 (finding that "the uniformly assessed charge makes the damages of each class member easy to determine").

## CONCLUSION

For the foregoing reasons, this Court should certify the following Class:

All persons in the United States to whom Roti Restaurants, LLC d/b/a Roti Modern Mediterranean and d/b/a Roti Mediterranean Grill provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring on or after July 28, 2014, on which receipt was printed more than the last five (5) digits of the person's credit or debit card number.

COOPER LINDNER, and KIM SMITH, Plaintiffs,

Dated: December 16, 2016        By: _____

One of Plaintiffs' Attorneys

Karl G. Leinberger (IL Atty. No. 6237537; Cook Cty. No. 42557)
Markoff Leinberger LLC
134 N. LaSalle St., Ste. 1050
Chicago, IL 60602
312.726.4162 (p)
312.674.7272 (f)
karl@markleinlaw.com

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

COOPER LINDNER and KIM SMITH,  )
individually and on behalf of all others similarly )
situated,  )
    )
  Plaintiffs,  )  No. 16 CH 16281
    )
  v.  )
    )
ROTI RESTAURANTS, LLC, d/b/a Roti Modern )  Judge David B. Atkins
Mediterranean and d/b/a Roti Mediterranean Grill, )
a Delaware limited liability company, )
    )  CLASS ACTION
  Defendant.  )  JURY DEMANDED

## NOTICE OF FILING

To: See Certificate of Service

  Please take notice that, on December 16, 2016, I filed with the Circuit Court of Cook County, the enclosed *Plaintiffs' Motion for Class Certification* and *Plaintiffs' Brief in Support of Their Motion for Class Certification.*

      COOPER LINDNER and KIM SMITH,

    By: _____
      Karl G. Leinberger, One of Plaintiffs' Attorneys

Dated: December 16, 2016

Karl G. Leinberger (#42557)
Paul F. Markoff (#34536)
Markoff Leinberger LLC
134 N LaSalle St Ste 1050
Chicago IL 60602
312.726.4162 (p)
312.674.7272 (f)

## Affidavit of Service

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, the undersigned certifies that the statements set forth in this affidavit of service are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true. The undersigned hereby certifies that he served this *Notice of Filing, Plaintiffs' Motion for Class Certification* and *Plaintiffs' Brief in Support of Their Motion for Class Certification* upon the following by regular mail, postage prepaid, on this 16th day of December 2016:

Roti Restaurants, LLC d/b/a Roti Modern Mediterranean
and d/b/a Roti Mediterranean Grill
c/o Registered Agent: Illinois Corporation Service C
801 Adlai Stevenson Drive
Springfield IL 62703

Christopher M. Hohn
Felicia R. Williams
Thompson Coburn LLP
One US Bank Plaza
Suite 3500
Saint Louis MO 63101

Karl Leinberger