**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| COOPER LINDNER, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ROTI RESTAURANTS, LLC, d/b/a Roti ) <br> Modern Mediterranean and d/b/a Roti ) <br> Mediterranean Grill, a Delaware limited ) <br> liability company, ) <br> ) <br> Defendant. ) | Case No. 17-cv-935 <br><br> Judge Robert M. Dow, Jr. |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Roti Restaurants, LLC's motion to dismiss [10] and Plaintiffs Cooper Lindner's and Kim Smith's motion to remand [20] this case to the Circuit Court of Cook County, Illinois pursuant to 28 U.S.C. § 1447(c) for lack of federal jurisdiction. For the reasons stated below, Plaintiffs' motion to remand [20] is granted, and Defendant's motion to dismiss [10] is denied as moot.

**I.  Background**

This dispute is before the Court for the second time. The first iteration of this lawsuit, *Lindner v. Roti Restaurants, LLC*, No. 16-cv-7653 (N.D. Ill.), was short-lived—less than five months.

The basic facts of the dispute are simply recited. On July 26, 2016, Plaintiff Cooper Lindner made a purchase at one of Defendant's restaurants in downtown Chicago, Illinois. He used a credit card for the transaction and received a receipt that contained the first six and last four digits of his card's numbers printed on it. Two days later, on July 28, 2016, Lindner filed a putative class action in this Court, alleging that Defendant's receipt violated 15 U.S.C.

§ 1681c(g), a provision of the Fair Credit Reporting Act ("FCRA"), as amended by the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), which prohibits printing more than five digits of a credit card number on an electronically printed receipt. On August 15, 2016, Lindner filed an amended complaint, adding Kim Smith as Plaintiff. Smith had made a purchase at one of Defendant's restaurants in Vernon Hills, Illinois on July 28, 2016. Like Lindner, Smith used a credit card for the transaction, and like Lindner, Smith received a receipt that displayed the first six and last four numbers of her card. Because of this non-compliant practice, Plaintiffs believe they (and the class of similarly situated persons they hope to represent) have "been exposed to an increased risk of credit card fraud and identity theft." Plaintiffs do not allege that either of these risks has been realized with respect to themselves or any other person in their putative class.

In November 2016, Defendant moved to dismiss, arguing that under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), Plaintiffs could not satisfy the Article III standing requirement to proceed in federal court. On December 13, 2016, this Court set a briefing schedule on that motion. On that same day, the Seventh Circuit issued its decision in *Meyers v. Nicolet Restaurant of De Pere, LLC*, 843 F.3d 724 (7th Cir. 2016)—an analogous case under the FACTA that the Court will discuss in detail below. The following day Plaintiffs voluntarily dismissed the case.

Two days later, on December 16, 2016, Plaintiffs filed suit in the Circuit Court of Cook County, Illinois, incorporating and expanding on their amended federal complaint and simultaneously moved for class certification. Defendant timely removed the action to federal court on the basis of federal question jurisdiction. A few days later, Defendant moved to dismiss [10], arguing that Plaintiffs had not included sufficient facts in their complaint to plead that Defendant's alleged violation of the FACTA was willful. See [11]. Instead of addressing the

merits of Defendant's motion to dismiss, Plaintiffs moved for remand on the ground that they lack Article III standing. Thus, the parties presently stand in the following, rather unusual position: Plaintiffs, who originally brought this dispute to federal court about a year ago, now insist that the case can only proceed in state court, while Defendant, which consistently has argued that this cannot proceed in federal court, resists Plaintiffs' effort to return the case to state court.

## II. Legal Standard

"The federal removal statute permits a defendant to remove a civil action from state court when a district court has original jurisdiction over the action." *Micrometl Corp. v. Tranzact Techs., Inc.*, 656 F.3d 467, 470 (7th Cir. 2011) (citing 28 U.S.C. § 1441(a)). The party invoking federal jurisdiction has the burden of establishing that it exists. See *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004) (a removing defendant must demonstrate "reasonable probability that subject-matter jurisdiction exists"). In evaluating whether to remand a case, a plaintiff's choice of forum is presumed valid, and the Court must resolve any doubts about jurisdiction in favor of remand. See, *e.g.*, *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) ("Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum"); *Schmude v. Sheahan*, 198 F. Supp. 2d 964, 966 (N.D. Ill. 2002) ("Generally, the removal statute is strictly construed, with an eye towards limiting federal jurisdiction").

## III. Analysis

### A. Standing

Plaintiffs brought this lawsuit under Section 1681c(g)(1) of the Fair and Accurate Credit Transactions Act ("FACTA"), which provides:

3

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

FACTA was a 2003 amendment to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et. seq*. As the Seventh Circuit explained in *Meyers*, "Congress enacted the FACTA in response to what it considered to be the increasing threat of identity theft." 843 F.3d at 725. To that end, Congress specifically targeted two types of "potentially misappropriateable information produced in credit and debit card receipts": (1) the digits of the card number and (2) the expiration date. *Id*. (quoting *Meyers v. Oneida Tribe of Indians of Wis.*, 836 F.3d 818, 820 (7th Cir. 2016)). Yet, the statute was not meant to impose liability for trivial violations that resulted in no real harm to the "victim." Rather, as Congress itself noted, it reflected a balancing act designed to simultaneously "ensure that consumers suffering from any actual harm to their credit or identity are protected, while simultaneously limiting abusive lawsuits." Pub L. 110-241, § 2(b). This case sits at the crossroads of these purposes.

In this second iteration of the case, Plaintiffs filed in state court. Defendant removed the case based on an assertion of federal question jurisdiction under the FACTA. See 28 U.S.C. § 1331. [25] at 1–2. Plaintiffs believe that notwithstanding the federal statute that they invoke—usually a tell-tale sign of § 1331 jurisdiction—the case belongs in state court because Plaintiffs lack Article III standing to proceed in federal court. [21] at 3–5. Resolving the question of standing first makes sense, for "standing is a threshold question in every federal case because if the litigants to not have standing the court is without authority to consider the merits of the action." *Freedom From Religion Foundation, Inc. v. Zielke*, 845 F.2d 1463, 1467 (7th Cir. 1988) (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975)).

The "irreducible constitutional minimum" of standing has three elements. *Spokeo, Inc. v.*

4

*Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). A plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id*. (citing *Lujan*, 504 U.S. at 560–61; *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)). Standing in this case concerns the first of the three elements, injury-in-fact. As the Supreme Court recently stressed, for a plaintiff to have injury-in-fact he must have suffered an injury "that is both concrete *and* particularized." *Id.* at 1545 (emphasis in original) (citation and internal quotations omitted).

*Spokeo* gave definition to the role of Article III standing in implementing Congress's statutory commands in a manner consistent with the limitations on access to the federal courts under the Constitution. As the Supreme Court explained, while an intangible injury can satisfy injury-in-fact, it "must be 'de facto'; that is, it must actually exist." *Id.* at 1548. In delineating the contours of a *de facto* injury, the Court emphasized that an alleged violation of a Congressionally-created statutory right does not necessarily constitute an injury-in-fact. *Id.* at 1549 (noting that plaintiffs "could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement"). Here, while it is undisputed in this case that Defendant's restaurants printed receipts that contained the first six digits of Plaintiffs' credit card numbers and therefore violated the FACTA, both *Spokeo* and *Meyers* teach that a statutory violation alone does not automatically amount to an injury in fact sufficient to satisfy the standing requirement of Article III. *Id.*

In fact, *Meyers* controls the outcome of the remand motion now before the Court. As here, *Meyers* involved a putative class action lawsuit alleging a violation of 15 U.S.C. § 1681(g). To be sure, the offending receipt in *Meyers* included unredacted expiration dates rather than too

5

many digits of the credit card number, but the Court sees no principled basis for distinguishing between the twin harms targeted by Congress—in either instance, the receipt contains information that increases the risk of identity theft that Congress sought to combat. The Seventh Circuit dismissed the lawsuit for lack of jurisdiction, holding that "Meyers' allegations are insufficient to satisfy the injury-in-fact requirement of Article III standing [because] [t]he allegations demonstrate that Meyers did not suffer any harm because of Nicolet's printing of the expiration date on his receipt. Nor has the violation created any appreciable risk of harm." *Meyers*, 843 F.3d at 727. In support of its conclusion, the Seventh Circuit noted that "Meyers discovered the violation immediately and nobody else ever saw the non-compliant receipt" and thus "it [was] hard to imagine how the expiration date's presence could have increased the risk that Meyers' identity would be compromised." *Id.* (citing *Spokeo*, 136 S. Ct. at 1550). Here, too, while Plaintiffs also received a non-compliant receipt, they do not allege that the information on this receipt was exposed to any outside party, making their risk of harm equally implausible.[1]

Other courts have also found *Meyers* either controlling or persuasive on facts exactly like those alleged in this case. See *Paci v. Costco Wholesale Co.*, 2017 WL 1196918, at *1–*3 (N.D. Ill. Mar. 30, 2017) (concluding in case alleging violation of FACTA based on receipt displaying "the first six digits and the last four digits" of plaintiff's credit card that, "[g]iven the similarities between *Meyers* and the present case, there is no question that [plaintiff] has failed to make the requisite showing to establish standing"); *Hendrick v. Aramark Co.*, 2017 WL 1397241, at *5 (E.D. Pa. Apr. 18, 2017) (finding the Seventh Circuit's reasoning in *Meyers* persuasive and adopting it in dismissing claim for a merchant's failure to truncate credit card numbers); *Katz v.*

---

[1] As noted above, Plaintiff Lindner filed the original lawsuit two days after receiving the non-compliant receipt, which strongly suggests that he immediately recognized the potential harm to his identity and took all steps to protect it by not showing the receipt to others or leaving it accessible to potential identify thieves.

*Donna Karan Intern.*, 2017 WL 2191605, at *4 (S.D.N.Y. May 17, 2017) (citing *Meyers* in holding that non-truncation of credit card numbers does not satisfy injury in fact).[2] In sum, this Court concludes, consistent with *Spokeo*, *Meyers*, and the cases cited above, that Plaintiffs have not suffered injury-in-fact sufficient to establish Article III standing. Therefore, this court lacks subject matter jurisdiction over Plaintiffs' claims.

B. **Futility**

The next question is whether the "futility exception" applies such that the Court should dismiss this case instead of remanding it to state court. Under this exception, courts occasionally have found remand to be inappropriate when "the state court is without jurisdiction to hear the case for the very same reason [the federal] court lacks jurisdiction." *Porch-Clark v. Engelhart*, 930 F. Supp. 2d 928, 936 (N.D. Ill. 2013). As Defendant recognizes, "if the existence of subject-matter jurisdiction in the state court turns on a debatable application or interpretation of state law, a federal district court should remand the case to that court, despite a party's contentions that remand would be futile." *Id*. at 937 (quoting 14C Charles A. Wright, *et al*., Federal Practice & Procedure § 3739 (4th ed.)). Defendant insists that Illinois applies the same injury-in-fact requirement as the federal courts, and thus the question is neither debatable or up for interpretation.

Plaintiffs contest whether the Seventh Circuit even recognizes a "futility exception" to

---

[2] Without relying on *Meyers*, other district courts also have held that non-truncation of credit card number on receipts does not satisfy *Spokeo's* injury in fact requirements. See, *e.g.*, *Stelmachers v. Verifone Sys., Inc.*, 2016 WL 6835084, at *4 (N.D. Cal. Nov. 21, 2016) (finding no injury-in-fact where defendants printed more than just the last five digits of plaintiffs credit card number on a receipt); *Kamal v. J. Crew Grp., Inc.*, 2016 WL 6133827, at *3–*4 (D.N.J. Oct. 20, 2016) (same). While some cases have found that printing of a non-compliant receipt can satisfy injury-in-fact, these cases relied heavily on pre-*Spokeo* precedent. Compare *Wood v. J Choo USA, Inc.*, 201 F. Supp. 3d 1332, 1340 (S.D. Fla. 2016) (finding injury-in-fact where expiration date of plaintiffs credit card was printed by defendant) with *Thompson v. Rally House of Kansas City, Inc.*, 2016 WL 8136658, at *5 (W.D. Mo. Oct. 6, 2016) (finding no injury-in-fact and noting that *Wood* relied on precedent that the Eighth Circuit ruled was superseded by *Spokeo*).

remand where standing does not exist, citing *Smith v. Wisconsin Department of Agriculture*, 23 F.3d 1134, 1138–39 (7th Cir. 1994). The Court need not delve deeply into *Smith*, however, because assuming that a futility exception does exist, it would not apply here. Each side cites case law from Illinois addressing at least tangentially the extent to which the Illinois and federal law of standing are identical. Suffice to say, neither side can point to an Illinois Supreme Court case that definitively resolves the issue, although *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 491 (1988), does say that "to the extent that the State law of standing varies from Federal law, it tends to vary in the direction of greater liberality." Having failed to identify a clear path through state law, this Court can venture no further into the doctrinal thicket. See *Smith*, 23 F.3d at 1142 ("Wisconsin's doctrines of standing and ripeness are the business of the Wisconsin courts, and it is not for us to venture how the case would there be resolved"). Dismissal on futility grounds is not warranted.

        **C.**     **Attorneys' Fees and Costs**

The final issue is Plaintiffs' request for attorneys' fees and costs based on Defendant's removal of this case. This issue does not merit extended discussion. Although the Court ultimately has ruled that (1) Supreme Court and Seventh Circuit precedent indicates that Plaintiff lacks standing (and thus remand is appropriate) and (2) the futility exception (if there is one) does not apply (and thus dismissal is not appropriate), the state of the law in both areas is not so clearly established as to indicate that Defendant lacked an "objectively reasonable" basis for thinking removal to be proper. See *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The case law defining the intersection of statutory causes of action and Article III standing has been rapidly evolving over the past two years and the factual scenario here differs at least slightly from *Spokeo* and *Meyers*. All losing removal arguments do not merit a fee award.

8

Moreover, the jurisdictional jousting in this case has been a shared endeavor, as this dispute has ferried back and forth between state and federal court repeatedly over the past year. In these circumstances, each side deserves to bear its own fees and costs.

### IV. Conclusion

For the foregoing reasons, Plaintiffs' motion to remand [20] is granted and Defendant's motion to dismiss [10] is denied as moot. The Clerk is directed to remand this case to the Circuit Court of Cook County for further proceedings.

Dated: July 24, 2017

_____
Robert M. Dow, Jr.
United States District Judge